# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAC FUNDING CORPORATION, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> DYMANIC MACHINE WORKS LLC, an Ohio limited liability company, and STEVEN MOORE an Ohio citizen, <br><br> Defendants. | Case No. 1:21-cv-6030 |

## COMPLAINT

NOW COMES MAC FUNDING CORPORATION, by and through its attorneys, REIN F. KRAMMER of MASUDA, FUNAI, EIFERT, & MITCHELL, LTD., and for its Complaint against DYNAMIC MACHINE WORKS LLC, an Ohio limited liability company, and STEVEN MOORE, an Ohio citizen, states as follows:

## THE PARTIES

1. Plaintiff MAC FUNDING CORPORATION ("**MACF**") is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Elk Grove Village, Illinois. MACF is a citizen of the States of Delaware and Illinois.

2. DYNAMIC MACHINE WORKS LLC ("**Dynamic**") is a limited liability company organized under the laws of the State of Ohio, having its principal place of business in Ohio.

3. The sole member of Dynamic is STEVEN MOORE ("**Moore**"), an individual, and a resident and citizen of the State of Ohio.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 and is between citizens of different States. Venue is proper pursuant to 28 U.S.C. §1391. Additionally, the MEFA, the Schedules, and the Guarantee (each as defined hereinafter) that are the subject of this suit each contain a forum selection clause designating at lender's (i.e., MACF's) election this judicial district as the exclusive jurisdiction and venue of any action brought by the lender.

**COUNT I – CLAIM ON MEFA AND 001 SCHEDULE (AGAINST DYNAMIC)**

5. MACF realleges and reincorporates as if fully set forth herein the allegations of Paragraphs 1 through 4, inclusive.

6. On or about January 6, 2020, and as modified thereafter, if any, Dynamic entered into Master Equipment Finance Agreement Number 40010595 (the "**MEFA**") with MACF for the finance of certain equipment and future possible equipment. A copy of the MEFA is attached hereto and incorporated herein as Exhibit "A."

7. Paragraph 1 of the MEFA provides that it sets forth the terms and conditions for the financing of all equipment between MACF and Dynamic pursuant to each equipment schedule which incorporates by reference the terms of the MEFA.

8. Paragraph 1 of the MEFA further provides that by Dynamic's "acceptance and execution of a schedule, we [MACF] agree to finance your [Dynamic's] purchase of Equipment described in the Schedule, and you [Dynamic] agree to borrow such funds and make the payments described in the Schedule, subject to the terms and conditions of this [MEFA], the Schedule, and

to the extent related to the Schedule and/or such Equipment, all of the other agreements, documents and instruments executed and/or delivered to us [MACF] in connection herewith… ."

9. Paragraph 2 of the MEFA provides that Dynamic promises to pay MACF any amount financed plus interest thereon agreed to in any equipment schedule.

10. Paragraph 4 of the MEFA provides that to secure Dynamic's obligations under an equipment schedule, all other equipment schedules, the MEFA and all other present and future indebtedness, liabilities, and obligations at any time owing by Dynamic to MACF, Dynamic grants to MACF a security interest in all of Dynamic's now owned and/or hereafter acquired or arising right, title, interest in and to the equipment and all additional collateral described in an equipment schedule together with proceeds and other items further described in Paragraph 4.

11. Paragraph 15 of the MEFA allows MACF to recover from Dynamic its attorneys' fees, additional interest, administrative costs, and expenses incurred in collection of the amounts due and owing in this matter.

12. Paragraph 5 of the MEFA provides that if any payment under an equipment schedule of the MEFA is not received by MACF on the date it is due, Dynamic agrees to pay a late charge.

13. On or about January 17, 2020, and as modified thereafter, if any, Dynamic entered into Equipment Schedule Number 40010594 and together with the other documents entered into in conjunction therewith (collectively, the "**001 Schedule**" and together with the MEFA, the "**Subject 001 Agreements**") with MACF for the finance of the purchase of one (1) Mitsubishi EDM Wire Model MV2400S-D and any and all accessories, options, and auxiliary equipment and machinery related thereto as set forth in the Schedule (the "**001 Machine**"). A copy of the 001 Schedule is attached hereto and incorporated herein as Exhibit "B."

14. The 001 Schedule provides that it is a "Schedule" to the MEFA and that Dynamic agrees to borrow from MACF the amount financed therein to acquire the 001 Machine, upon the terms and conditions of the 001 Schedule and the MEFA.

15. The 001 Schedule further provides that all terms and conditions of the MEFA remain in full force and effect and are incorporated therein by reference.

16. The 001 Schedule is in the original principal amount of $132,800.00 and requires Dynamic to make certain monthly payments of principal and interest to MACF as follows: fifty-night (59) monthly payments from the First Payment Due Date (as defined therein) in the amount of $2,567.35 per month.

17. Dynamic has failed to tender to MACF when due the required monthly payments due under the 001 Schedule and MEFA. Demand has been made by MACF for the full payment of the delinquent balance.

18. Paragraph 15 of the MEFA provides that non-payment of principal and interest when due under any equipment schedule, the MEFA or under the terms of any other agreements between MACF and Dynamic constitutes an event of default under the 001 Schedule and the MEFA. As a result thereof, Dynamic is in default under the 001 Schedule and the MEFA, and has failed to cure the default in response to the demands for payment from MACF.

19. Paragraph 15 of the MEFA also provides that, upon default by Dynamic, MACF may, in addition to other remedies, declare due, sue for and recover all amounts then accrued or thereafter accruing under the 001 Schedule and the MEFA (MACF, however, is not seeking payment of any unaccrued interest or any other amount which may be deemed in the nature of a penalty).

20. The MEFA allows MACF to recover from Dynamic late fees and MACF's attorneys' fees, additional interest, administrative costs, and expenses incurred in this matter.

21. As a result of the default by Dynamic, there is due and owing as of November 9, 2021 from Dynamic to MACF under the 001 Schedule and MEFA the sum of $36,602.91, inclusive of accelerated principal, accrued interest, pre-payment penalties and late fees, in addition to attorneys' fees, additional interest, and costs as provided in the MEFA and 001 Schedule (less a credit for the net proceeds from the sale or other disposition of the 001 Machine).

22. MACF has performed all of its obligations under the 001 Schedule and MEFA.

**WHEREFORE**, MAC FUNDING CORPORATION prays for judgment as follows:

A. For judgment against Defendant DYNAMIC MACHINE WORKS LLC, as of November 9, 2021 in an amount in excess of $36,602.91, plus administrative costs, attorneys' fees and additional interest as provided in the 001 Schedule and MEFA (less a credit for the net proceeds from the sale or other disposition of the 001 Machine); and

B. For such other and further relief that this Court may deem equitable and just.

### COUNT II – CLAIM ON MEFA AND 002 SCHEDULE (AGAINST DYNAMIC)

23. On or about January 17, 2017, and as modified thereafter, if any, Dynamic entered into Equipment Schedule Number 40010597 and together with the other documents entered into in conjunction therewith (collectively, the "**002 Schedule**" and together with the MEFA, the "**Subject 002 Agreements**") with MACF for the finance of the purchase of one (1) Mitsubishi EDM Drilling Machine Model SD22KS and any and all accessories, options, and auxiliary equipment and machinery related thereto as set forth in the Schedule (the "**002 Machine**"). A copy of the 002 Schedule is attached hereto and incorporated herein as Exhibit "C."

24. The 002 Schedule provides that it is a "Schedule" to the MEFA and that Dynamic agrees to borrow from MACF the amount financed therein to acquire the 002 Machine, upon the terms and conditions of the 002 Schedule and the MEFA.

25. The 002 Schedule further provides that all terms and conditions of the MEFA remain in full force and effect and are incorporated therein by reference.

26. The 002 Schedule is in the original principal amount of $28,000.00 and requires Dynamic to make certain monthly payments of principal and interest to MACF as follows: fifty-night (59) monthly payments from the First Payment Due Date (as defined therein) in the amount of $541.31 per month.

27. Dynamic has failed to tender to MACF when due the required monthly payments due under the 002 Schedule and MEFA. Demand has been made by MACF for the full payment of the delinquent balance.

28. Paragraph 15 of the MEFA provides that non-payment of principal and interest when due under any equipment schedule, the MEFA or under the terms of any other agreements between MACF and Dynamic constitutes an event of default under the 002 Schedule and the MEFA. As a result thereof, Dynamic is in default under the 002 Schedule and the MEFA, and has failed to cure the default in response to the demands for payment from MACF.

29. Paragraph 15 of the MEFA also provides that, upon default by Dynamic, MACF may, in addition to other remedies, declare due, sue for and recover all amounts then accrued or thereafter accruing under the 002 Schedule and the MEFA (MACF, however, is not seeking payment of any unaccrued interest or any other amount which may be deemed in the nature of a penalty).

30. The MEFA allows MACF to recover from Dynamic late fees and MACF's attorneys' fees, additional interest, administrative costs, and expenses incurred in this matter.

31. As a result of the default by Dynamic, there is due and owing as of November 9, 2021 from Dynamic to MACF under the 002 Schedule and MEFA the sum of $165,404.86, inclusive of accelerated principal, accrued interest, pre-payment penalties and late fees, in addition to attorneys' fees, additional interest, and costs as provided in the MEFA and 002 Schedule (less a credit for the net proceeds from the sale or other disposition of the 002 Machine).

32. MACF has performed all of its obligations under the 002 Schedule and MEFA.

**WHEREFORE**, MAC FUNDING CORPORATION prays for judgment as follows:

A. For judgment against Defendant DYNAMIC MACHINE WORKS LLC, as of November 9, 2021 in an amount in excess of $165,404.86, plus administrative costs, attorneys' fees and additional interest as provided in the 002 Schedule and MEFA (less a credit for the net proceeds from the sale or other disposition of the 002 Machine); and

B. For such other and further relief that this Court may deem equitable and just.

## COUNT III – CLAIM VS. MOORE ON GUARANTEE

33. MACF realleges and reincorporates as if fully set forth herein the allegations of Paragraphs 1 through 32, inclusive.

34. On or about January 17, 2020 in conjunction with the execution of the MEFA, 001 Schedule and 002 Schedule (the 001 Schedule together with the 002 Schedule shall be defined herein as the "**Subject Schedules**") respectively, Defendant Moore executed a guarantee

7

guaranteeing to MACF the full and prompt performance of all obligations which Dynamic may have under the Subject Schedules and any and all present and future indebtedness (principal, interest, fees, collection costs and expenses and other amounts), liabilities and obligations of Dynamic to MACF evidenced by or arising under the MEFA, any equipment schedule and under any other agreement between Dynamic and MACF (the "**Guarantee**"). A copy of the Guarantee is attached hereto and incorporated herein as Exhibit "D."

35. As set forth above, Dynamic has failed to perform all of its obligations under the MEFA and the Subject Schedules. MACF has satisfied its obligations under the MEFA, Subject Schedules, and Guarantee and Moore has failed to pay the amounts due under the Guarantee despite MACF's demands to do so.

36. As a result thereof, there is due and owing from Moore to MACF, pursuant to the Guarantee of the MEFA and Subject Schedules, a sum as of November 9, 2021 in excess of $202,007.77, inclusive of accelerated principal, accrued interest, pre-payment penalty and late fees, in addition to administrative costs, attorneys' fees, and interest as provided in the MEFA and Subject Schedules (less a credit for the net proceeds from the sale or other disposition of the 001 Machine and 002 Machine (collectively, the "**Subject Machines**").

**WHEREFORE**, MAC FUNDING CORPORATION prays for judgment as follows:

A. For judgment against the Defendant STEVEN MOORE as of November 9, 2021 in an amount in excess of $202,007.77, plus administrative costs, attorneys' fees and additional interest as provided in the MEFA, Subject Schedules and Guarantee (less a credit for the net proceeds from the sale or other disposition of the Subject Machines); and

B. For such other and further relief as the Court may deem just and equitable.

## COUNT IV – INJUNCTIVE RELIEF

34. MACF realleges and reincorporates as if fully set forth herein the allegations of Paragraphs 1 through 33, inclusive.

35. The Subject Machines are subject to continuing depreciation and deterioration, thus rendering it less marketable and impairing the value of MACF's interest in the Subject Machines.

36. Dynamic and Moore have each failed to meet its/his/her obligations in the ordinary course of business and otherwise by failing to pay MACF the monthly payments due under the MEFA and Subject Schedules, and the amounts due under the Guarantee.

37. The continued possession and retention, as well as the depreciation in value, of the Subject Machines, without payment to MACF from Dynamic and Moore, is thus causing irreparable and continuing injury to MACF for which MACF has no adequate remedy at law.

38. Paragraph 15 of the MEFA provides that, upon Dynamic's default, MACF shall be entitled to take immediate possession of the Subject Machines without demand or notice, without any court order or other process of law, require Dynamic to deliver such Subject Machines to a location designated by MACF, and exercise any other right or remedy available to MACF at law or in equity.

**WHEREFORE**, MAC FUNDING CORPORATION prays for temporary, preliminary, and permanent injunctions against DYNAMIC MACHINE WORKS LLC and STEVEN MOORE as follows:

A. For temporary, preliminary, and permanent injunctive relief immediately restraining and enjoining DYNAMIC MACHINE WORKS LLC and STEVEN MOORE, and their respective agents, landlords, attorneys, servants, employees, and others acting in their stead or in

concert with them from further: (a) using, moving, removing, secreting, distributing, selling, concealing, dealing in, dissipating, depleting, depreciating, damaging, impairing, diminishing in value, destroying, harming, encumbering, transferring, conveying, disposing of or otherwise reducing the value of the Subject Machines or any of the goods subject to or covered by the MEFA and/or Subject Schedules; (b) receiving, collecting, assigning, other than by order of this Court, disbursing, spending, paying other creditors with, losing, commingling, expending, depleting, discounting, negating, extending, novating, diverting, or otherwise in any manner dealing with the proceeds of or other distribution or disposition of the Subject Machines; (c) committing waste in connection with the Subject Machines; (d) interfering with MAC FUNDING CORPORATION's rights and duties under any order entered by this Court; and (e) cancelling, modifying, or terminating any existing insurance policies on or related to the Subject Machines;

  B. For permanent injunctive relief immediately restraining and enjoining DYNAMIC MACHINE WORKS LLC and STEVEN MOORE, and their respective agents, landlords, attorneys, servants, employees, and others acting in their stead or in concert with them, from prohibiting or interfering with MAC FUNDING CORPORATION remotely disabling the Subject Machines and rendering them unusable pursuant to Section 9-609(b)(2) of the Uniform Commercial Code and sometime thereafter entry upon DYNAMIC MACHINE WORKS LLC'S premises and MAC FUNDING CORPORATION repossessing or taking control of the Subject Machines;

  C. For an order directing DYNAMIC MACHINE WORKS LLC and STEVEN MOORE, and their respective agents, landlords, attorneys, servants, employees, and others acting in its stead or in concert with them (a) to immediately assemble the Subject Machines and make the same available for repossession by MAC FUNDING CORPORATION; and (b) promptly

deliver possession and control of the Subject Machines and insurance policies to MAC FUNDING CORPORATION;

  D. For an order of immediate possession, with full title and control, of the Subject Machines to be assigned to MAC FUNDING CORPORATION;

  E. For permanent injunctive relief immediately restraining all third parties who may affect the use, operation, access, possession and/or control of and to the Subject Machines from MAC FUNDING CORPORATION's taking possession of, access to, removal of, dismantling of, use or operation of the Subject Machines by MAC FUNDING CORPORATION; and

  F. For any other and further relief this Court may deem equitable and just.

Dated: November 10, 2021

                **MAC FUNDING CORPORATION**

                By:    /s/ Rein F. Krammer
                     One of its Attorneys

Rein F. Krammer, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
Attorneys for MAC Funding Corporation
203 North LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
Tel.: (312) 245-7500
Fax: (312) 245-7467
E-Mail: rkrammer@masudafunai.com